UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RANDLE GRIFFIN,

       Plaintiff,

v.

PAUL KLEE, *et al.*,

       Defendants.
_____/

Case No. 2:14-cv-14290
District Judge Matthew F. Leitman
Magistrate Judge Anthony P. Patti

## **OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO AMEND COMPLAINT (DE 19)**

This matter is before the Court for consideration of Plaintiff Randal Griffin's motion to amend complaint. (DE 19.) For the reasons that follow, Plaintiff's motion is **GRANTED**.

### I. BACKGROUND

Plaintiff, a state prisoner proceeding without the assistance of counsel, brings claims under 42 U.S.C. § 1983. (DE 1 and 2.) Plaintiff alleges that Defendants violated his rights under the First Amendment by retaliating against him for various activities, including his participation on the Warden's Forum, his assistance of another prisoner, and his filing of grievances and a complaint in federal court.

1

Defendants filed a motion to dismiss on January 8, 2015 (DE 14), to which Plaintiff responded on January 29, 2015. (DE 18.) On April 16, 2015, the Undersigned issued a Report and Recommendation to deny the motion to dismiss in its entirety. (DE 23.) The Court adopted the Report and Recommendation on May 7, 2015. (DE 24.) Plaintiff filed the instant motion on January 29, 2015, seeking leave to amend his complaint to state that Defendants acted under color of state law during the times relevant to his allegations. (DE 19.) Along with his Motion, Plaintiff provides what appears to be the last two pages of his amended complaint, along with an affidavit in which Plaintiff swears to the events described in his original complaint.

Defendants oppose Plaintiff's Motion. (DE 20.) Specifically, they assert that they are unable to adequately respond to the motion to amend because Plaintiff has failed to include a copy of the amended complaint that will replace his original complaint. (DE 20 at 3.) Defendants conclude that, not only does Plaintiff's failure to attach the amended complaint violate Eastern District of Michigan Local Rule 15.1, but it also prejudices Defendants because they are uncertain as to what Plaintiff wishes to amend.

Plaintiff filed a reply on February 18, 2015, in which he concedes that he failed to comply with E.D. Mich. LR 15.1, but asserts that it was unintentional. (DE 21.) In addition, he points out that under the Local Rules, failure to reproduce

2

the entire pleading as amended is not grounds for denial of the motion. On the same day, he filed a document titled "amended complaint." (DE 22.) In the amended complaint, Plaintiff reproduces his original complaint in its entirety and adds the phrase "while acting under the color of state law" on pages nine and ten.

## II. STANDARD

Under Federal Rule of Civil Procedure 15(a), a party may amend its pleadings at this stage of the proceedings only after obtaining leave of court. The Rule provides that the Court should freely give leave for a party to amend its pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). "Nevertheless, leave to amend 'should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile.'" *Carson v. U.S. Office of Special Counsel*, 663 F.3d 487, 495 (6th Cir. 2011) (quoting *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995)).

In addition, the Local Rules of the Eastern District of Michigan require a party moving to amend a pleading to "attach the proposed amended pleading to the motion." E.D. Mich. LR 15.1. Any amendment to a pleading must "reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference." *Id.* Failure to comply with Rule 15.1, however, is "not grounds for denial of the motion." *Id.*

### III. ANALYSIS

The Court concludes that, under the liberal amendment standard outlined in Rule 15(a)(2), Plaintiff is entitled to amend his complaint.  There is no indication that the amendment was brought in bad faith or for dilatory purposes. In addition, Defendants' assertion that they will be prejudiced because Plaintiff failed to file the amended complaint in its entirety was rendered moot when Plaintiff made such a filing.  Even if Defendants had objections to the content of the amended pleading, they did not seek leave to file a surreply or otherwise respond after Plaintiff filed his amended complaint.  Moreover, the additional language that Plaintiff adds in his amended complaint does not alter his case in any substantial manner, and could hardly be deemed prejudicial.  Nor has there been any showing that it is futile.  Although Plaintiff should have attached the amended complaint to his motion or reply brief, rather than filing it on the docket, the Court will allow docket entry 22 to stand as the operative pleading.  Plaintiff's motion to amend is therefore **GRANTED**.  Defendants are **DIRECTED** to answer the amended complaint or otherwise plead within twenty-one days of the date of this Order.

**IT IS SO ORDERED.**

Dated: May 11, 2015               s/Anthony P. Patti
                                  Anthony P. Patti
                                  UNITED STATES MAGISTRATE JUDGE

4

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on May 11, 2015, electronically and/or by U.S. Mail.

                                         s/Michael Williams
                                         Case Manager for the
                                         Honorable Anthony P. Patti
                                         (313) 234-5200