UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RANDLE GRIFFIN,

          Plaintiff,                      Case No. 2:14-cv-14290
                                       District Judge Matthew Leitman
v.                                  Magistrate Judge Anthony P. Patti

PAUL KLEE, *et al.*,

          Defendants.

_____/

## ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S SECOND MOTION FOR APPOINTMENT OF COUNSEL (DE 26)

This matter is before the Court for consideration of Plaintiff Randle Griffin's second motion for appointment of counsel. (DE 26.) For the reasons that follow, Plaintiff's motion is **DENIED WITHOUT PREJUDICE**.

I. **BACKGROUND**

Plaintiff, a state prisoner who is proceeding *in forma pauperis*, brings claims under 42 U.S.C. § 1983, alleging Defendants retaliated against him for exercising his rights under the First Amendment. Since filing his complaint on November 6, 2014, the Court has denied Defendants' motion to dismiss (DE 24), has granted Plaintiff's motion to amend complaint (DE 25), and has denied without prejudice Plaintiff's first motion to appoint counsel (DE 16).

Plaintiff filed this second motion for appointment of counsel on May 20, 2015.  (DE 26.)  In his motion, he asks the court to appoint an attorney in this civil matter for three main reasons.  First, Plaintiff contends that he does not have access to an adequate law library, and indicates that the law librarian does not allow other prisoners to help Plaintiff with his legal matters.  Second, he posits that he has limited knowledge of the law and has been unable to secure the appointment of a private attorney in this matter.  Finally, Plaintiff points to the Court's ruling on his first motion for appointment of counsel, which noted that "[i]t is the practice of this Court to defer any attempt to obtain counsel for *pro se* civil rights Plaintiffs until after motions to dismiss or motions for summary judgment have been denied." (DE 16 at 1.)  Plaintiff correctly points out that the Court recently denied Defendants' motion to dismiss and asserts that his motion for appointment of counsel is now timely.

## II.   ANALYSIS

As a preliminary matter, although Plaintiff styles his motion as one for appointment of counsel, the Court does not have the authority to appoint a private attorney for Plaintiff in this civil matter.  Proceedings *in forma pauperis* are governed by 28 U.S.C. § 1915, which provides that "[t]he court ***may request*** an attorney to represent any person unable to afford counsel."  28 U.S.C. § 1915(e)(1) (emphasis added).  However, even if the circumstances of Plaintiff's

2

case convinced the Court to engage in such a search, "[t]here is no right to recruitment of counsel in federal civil litigation, but a district court has discretion to recruit counsel under 28 U.S.C. § 1915(e)(1)." *Dewitt v. Corizon, Inc.*, 760 F.3d 654, 657 (7th Cir. 2014); *see also Olson v. Morgan*, 750 F.3d 708, 712 (7th Cir. 2014) ("Congress hasn't provided lawyers for indigent prisoners; instead it gave district courts discretion to ask lawyers to volunteer their services in some cases.").

The Supreme Court has held that there is a presumption that "an indigent litigant has a right to appointed counsel only when, if he loses, he may be deprived of his physical liberty." *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 26-27 (1981). With respect to prisoner civil rights cases in particular, the Court of Appeals for the Sixth Circuit has held that "there is no right to counsel. . . . The appointment of counsel in a civil proceeding is justified only by exceptional circumstances." *Bennett v. Smith,* 110 F. App'x 633, 635 (6th Cir. 2004).[1] Accordingly, although the Court has the statutory authority to request counsel for *pro se* plaintiffs in civil cases under 28 U.S.C. § 1915(e), the exercise of this authority is limited to exceptional situations.

---

[1] As noted above, although some of the case law colloquially discusses the Court's "appointment" of counsel in prisoner rights cases, under 28 U.S.C. § 1915 the Court may only request that an attorney represent an indigent plaintiff.

In evaluating a matter for "exceptional circumstances," a court should consider: (1) the probable merit of the claims, (2) the nature of the case, (3) the complexity of the legal and factual issues raised, and (4) the ability of the litigant to represent him or herself. *Lince v. Youngert*, 136 F. App'x 779, 782 (6th Cir. 2005); *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993); *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003).

Applying the foregoing authority, Plaintiff has not described any circumstances to justify a request for appointment of counsel. Plaintiff contends that his knowledge of the law is limited and the expertise of an attorney would be helpful to litigate his case, but that he has not been able to find an attorney on his own. Such factors would apply to nearly every *pro se* prisoner proceeding *in forma pauperis*, and do not constitute extraordinary circumstances. The claims in Plaintiff's complaint, though involving moderately complex areas of First Amendment retaliation, are not so complicated as to be considered extraordinary. Moreover, Plaintiff has on several occasions illustrated his ability to articulate his claims and adequately communicate his requests to the Court in a reasonably clear and well-organized manner, and with appropriate legal citation. For example, Plaintiff was able to successfully defend against Defendants' motion to dismiss. In fact, in the relevant Report and Recommendation, I specifically noted that Plaintiff "rose to the occasion, taking the time to thoroughly brief" the issues in

4

the motion to dismiss.  (DE 23 at 10.)  Additionally, the Court recently granted Plaintiff's motion to amend complaint, which was also clear and thoroughly briefed.  (DE 25.)

Plaintiff's contention that he is being denied the ability to obtain legal help from other prisoners is without merit.  Plaintiff is only legally entitled to such assistance "when the inmate receiving the assistance would otherwise be unable to seek legal redress."  *Herron v. Harrison*, 203 F.3d 410, 415 (2000).  As noted above, Plaintiff has shown himself to be more than adequately capable of litigating his case.

As to Plaintiff's assertion that a request for appointment of counsel is timely because he survived a motion to dismiss, such a request is generally premature until dispositive motion practice has ended.  Here, there have been no summary judgment motions filed and the Court will not seek counsel for Plaintiff until all dispositive motions have been denied, as was stated in the Court's initial order denying appointment of counsel.  (DE 16.)

Accordingly, at this time, Plaintiff's motion to appoint counsel is **DENIED WITHOUT PREJUDICE.**  (DE 26.)  Plaintiff may petition the Court for the recruitment of *pro bono* counsel if this case survives dispositive motion practice, proceeds to trial, or if other circumstances demonstrate such a need in the future.

**IT IS SO ORDERED.**

Dated: May 27, 2015                    s/Anthony P. Patti
                                       Anthony P. Patti
                                       UNITED STATES MAGISTRATE JUDGE

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing document was sent to parties of record
on May 27, 2015, electronically and/or by U.S. Mail.

                                       s/Michael Williams
                                       Case Manager for the
                                       Honorable Anthony P. Patti
                                       (313) 234-5200