UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RANDLE GRIFFIN,

    Plaintiff,

v.

PAUL KLEE *et al.*,

    Defendants.

_____/

Case No. 14-cv-14290
Hon. Matthew F. Leitman

### ORDER DENYING PLAINTIFF'S MOTION
### FOR RECONSIDERATION (ECF #43)

In this action, Plaintiff Randle Griffin ("Plaintiff") – an inmate in the custody of the Michigan Department of Corrections ("MDOC") – alleges that several MDOC officials retaliated against him for exercising his First Amendment rights. On September 28, 2015, the assigned Magistrate Judge issued a Report and Recommendation (the "R&R") recommending that the Court grant summary judgment in favor of MDOC Defendants Paul Klee ("Klee"), Roy Vest ("Vest"), Joe Barrett ("Barrett"), and Michelle Parsons ("Parsons") (collectively, "Defendants"). (*See* ECF # 35.) On February 23, 2016, the Court entered an Order (the "February 23 Order") adopting the R&R and granting summary judgment in favor of Defendants. (*See* ECF #41.)

1

On March 8, 2016, Plaintiff filed "Objections" to the February 23 Order. He argues that the Court erred by granting summary judgment in favor of Defendants Klee, Vest, and Parsons. (*See* ECF #43.) The Court will construe Plaintiff's Objections as a motion for reconsideration (hereinafter, the "Motion") under Eastern District of Michigan Local Rule 7.1(h)(3).

## GOVERNING LEGAL STANDARD

On a motion for reconsideration, a movant must demonstrate that the Court was misled by a "palpable defect." E.D. Mich. L.R. 7.1(h)(3). A palpable defect is a defect that is obvious, clear, unmistakable, manifest, or plain. *See Witzke v. Hiller*, 972 F. Supp. 426, 427 (E.D. Mich. 1997). The movant must also show that the defect, if corrected, would result in a different disposition of the case. E.D. Mich. L.R. 7.1(h)(3). A motion for reconsideration is not a vehicle to rehash old arguments, or to proffer new arguments or evidence that the movant could have presented earlier. *See Sault Ste. Marie v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998).

## ANALYSIS

Plaintiff is not entitled to reconsideration of the February 23 Order because he has not shown a palpable defect in the order. Accordingly, the Court **DENIES** the Motion.

The Court will, however, address below certain arguments that Plaintiff presents in the Motion.

**A.     Paul Klee**

In the R&R, the Magistrate Judge concluded that Defendant Klee was entitled to summary judgment because Plaintiff failed, among other things, to satisfy the causation element of his retaliation claim against Klee. (ECF #35 at 14-16, Pg. ID 396-98.) The Magistrate Judge explained that Plaintiff fell short of the causation element for two independent reasons: (1) Plaintiff failed to overcome the rule that corrections officials have broad discretion in administering prisons, and (2) Plaintiff failed to present evidence that Klee acted against him based upon his allegedly-protected conduct. (*Id.*) The Magistrate Judge noted that Plaintiff's sole evidence of causation was the fact that Klee allegedly acted against Plaintiff one week after Plaintiff engaged in the allegedly-protected conduct. The Magistrate Judge determined that Plaintiff's evidence of temporal proximity was not sufficient to create a material factual dispute on the causation issue under the circumstances of this case. (*Id.* at 16, Pg. ID 398, citing *Smith v. Campbell*, 250 F.3d 1032, 1038 (6th Cir. 2001).) In the February 23 Order, the Court adopted this aspect of the R&R and granted summary judgment in favor of Klee based upon Plaintiff's failure to create a material factual dispute on the causation element of his claim. (ECF #41 at 9-11, Pg. ID 447-49.)

In the Motion, Plaintiff argues that the Court's causation analysis is flawed, and he insists that his evidence of temporal proximity was sufficient to create a material factual dispute on the causation issue. (ECF #43 at 3, Pg. ID 458.) However, Plaintiff did not object to the portion of the R&R concerning the insufficiency of Plaintiff's temporal proximity evidence (*see* ECF #39 at 3-5, Pg. ID 418-20), and thus he may not complain that the Court erred in adopting that portion of the R&R. Indeed, the R&R advised Plaintiff that he must specifically raise *all* of his objections. (ECF #35 at 22, Pg. ID 404.)

**B.     Michelle Parsons**

In the February 23 Order, the Court concluded that Plaintiff failed to establish the causation element of his retaliation claim against Parsons because he did not present evidence that Parsons had the authority to reduce his security classification from Level IV to Level II in contravention of her superior's orders. (*See* February 23 Order, ECF #41 at 13, Pg. ID 451.) In the Motion, Plaintiff argues that he did present evidence that Parsons had the authority to move him from Level IV to Level II. (ECF #43 at 7-8, Pg. ID 462-63.)

To support his argument, Plaintiff cites the MDOC's responses to the grievance that he filed challenging his continued placement in Level IV. (*Id.*) More specifically, Plaintiff directs the Court to following language in the MDOC's Step II grievance response:

4

> At Step II the grievant reiterates his retaliatory complaint and offers other prisoners that were placed in level II bunks before him.
>
> A review of the control center movement log was made and it was found that the grievant is correct with the information provided at Step II. ARUS Parsons and Housing Unit ADW Engstrom were interviewed and it was found that he was immediately placed on the move down list after arriving in level IV and ride-ins take precedence. In this case the grievant should have been moved first but because this situation is rare, it was an administrative error but was not intentional.

(*See* Grievance Appeal Response, ECF #43 at 27, Pg. ID 482.) Plaintiff insists that this language shows that Parsons had the authority to reduce his security classification even though Deputy Warden Barrett, her superior, had directed that Plaintiff remain housed in Level IV. The Court disagrees.

Plaintiff filed the grievance in question *against Barrett*, *not* against Parsons (*see* ECF #33, Pg. ID 354), and thus the response to the grievance cannot fairly be read as drawing any conclusions about Parsons' conduct or authority to act on Plaintiffs' request to be moved to Level II. Moreover, the language on which Plaintiff relies simply says nothing about whether Parsons had the authority to move Plaintiff. The sole reference to Parsons – in the passive voice – indicates that she was interviewed. (ECF #43 at 27, Pg. ID 482.) Accordingly, Plaintiff has shown no palpable defect with the Court's conclusion that he failed to present

evidence that Parsons had the authority to move him (Plaintiff) to Level II in direct contravention of Barrett's determination that he should remain in Level IV.

**C.     Roy Vest**

The Court's February 23 Order fairly addressed all of Plaintiff's objections to the portion of the R&R in which the Magistrate Judge recommended that the Court grant summary judgment in favor of Vest.  The Motion has not shown any error in the Court's analysis of the claim against Vest.  But the Court does wish to supplement its analysis with the observation that the claim against Vest was flawed from its inception.

The factual basis of the claim against Vest appears in paragraph 32 of Plaintiff's Amended Complaint. (ECF #22, Pg. ID 129.)  In its entirety, that paragraph states:

> 32.   On 1/10/2012, Inspector Vest ordered Acting Lt. C. Reincke to lock plaintiff up, and issued plaintiff a Notice of Intent.  Lt. Reincke stated to Plaintiff that the reason why Inspector Vest ordered plaintiff to be locked up and transferred was due to Warden Paul Klee's memo permanently prohibiting plaintiff's participation in any Warden's Forums.

Plaintiff's allegations against Vest do not state a viable retaliation claim because they do not assert that Vest took action against Plaintiff because Plaintiff engaged in protected activity.  Plaintiff says that Vest acted against him based upon a memo by Klee, not based upon any protected conduct in which Plaintiff

6

engaged. And Plaintiff does not allege that the memo by Klee described any protected conduct in which Plaintiff engaged. Thus, in addition to the reasons identified in the R&R and adopted by the Court, Plaintiff's retaliation claim against Vest fails because Plaintiff has neither alleged nor presented evidence that Vest acted against him based (even in part) on his protected conduct.

## CONCLUSION

For the reasons explained above, **IT IS HEREBY ORDERED** that the Motion (ECF #43) is **DENIED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: April 4, 2016

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 4, 2016, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(313) 234-5113